IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   **04-cv-1816-AP**

**BIODIVERSITY CONSERVATION ALLIANCE,**

        Plaintiff,

v.

**RICHARD C. STEM, in his official capacity as Deputy Regional Forester of the Rocky Mountain Region of the U.S. Forest Service, and**
**U.S. FOREST SERVICE, a Federal Agency within the U.S. Department of Agriculture,**

        Defendants.

_____

ORDER ON PLAINTIFF'S MOTION FOR EAJA FEES
_____

KANE, J.

Pursuant to my Order dated April 10, 2006 (Doc. 92) dismissing this action, Plaintiff moves for attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1] While acknowledging dismissal was grounded in the nonjusticiability of Plaintiff's claims in the wake of the Forest Service's withdrawal of the challenged Black Hills National Forest Cement Project, Plaintiff contends it is a "prevailing party"

---

[1] The EAJA, in relevant part, provides that district courts

> shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

for purposes of the Act based on my earlier findings in preliminarily enjoining the Project and because I conditioned dismissal on the Forest Service's representation that the Cement Project had been permanently withdrawn and would never be revived. I agree. However, because I also agree that the fee amount sought is unreasonable, I reduce the award by the 16% recommended by Defendant's expert Ramey.

I grant the Motion for EAJA fees over Defendant's assertion that Plaintiff is not a "prevailing party" because the forest fire that occurred after I entered my Order for preliminary injunctive relief mooted the lawsuit. While it is true the Forest Service terminated the project in the wake of the fire, Plaintiff had secured affirmative relief both in obtaining the preliminary injunction before-hand and, most importantly, in securing a binding commitment from the government not only to withdraw the project, but never to revive it. My Order dismissing the case was conditioned solely and specifically on this commitment. Without such a condition, potentially unlawful timber sale activity in or near the subject area within the Black Hills National Forest was a reality capable of repetition yet evade review. Moreover, the preliminary injunction put a halt to the timber sale that was imminent or already proceeding at the time of Plaintiff's challenge, so it was not, as the government insists, simply a continuation of the status quo. It is the status quo *ante* – i.e., before the actions giving rise to the lawsuit – that was being preserved, and Plaintiff's actions in initiating and pursuing this lawsuit effected affirmative relief. Accordingly, Plaintiff was a "prevailing party" for EAJA purposes.

I am also unpersuaded that an award of EAJA is unwarranted because Defendant's

actions were "substantially justified."  The preliminary injunction required Defendant to cease all actions on the ground towards implementation of the Cement Project, including constructing or reconstructing roads, cutting timber and selling or awarding such timber by contract.  The government complied and, later because of the fire, terminated the project.  Based on my findings of a likelihood of success on the merits before such termination, the government's position cannot be said to have been substantially justified.  Given the circumstances presented, the equities of the case favor an award of fees to Plaintiff.  The fees sought, however, are excessive and I agree with Defendant that they should be reduced.

I agree that the attorneys for Plaintiff are asking an unreasonable amount for fees under the EAJA.  The government is correct that current market rates are not the *sine qua non* of the measure of fees under EAJA and there appears to be some duplication of effort and inconsistencies in accounting for travel expenses.  While Mr. Ramey's affidavit for the government is partially wrong in that Plaintiff had already deducted hours spent on the losing motion to compel, he is correct in other regards.  Mr. Ramey is right that "environmental law" is not a specialty for EAJA purposes.  His is also right that Plaintiff's counsel spent excessive time on briefing (indeed, if one is a specialist deserving of higher rates, it is because a specialist needs less time to produce useable work) and engaged in forms of "block billing" inappropriate under the EAJA.

Plaintiff suggests an overall 5% reduction to entice and award on "a conservative basis," but I find Mr. Ramey's recommendation of a 16% reduction more realistic and

supported by the record in this case. Accordingly, Plaintiff's Motion for Attorney Fees is GRANTED, and attorney fees are awarded at 84% of the $209,011 requested, or $175,569.24. The $2,029.71 in submitted costs is awarded in its entirety.

Dated December 11, 2006.        **s/John L. Kane**
                                SENIOR U.S. DISTRICT COURT JUDGE