IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **04-cv-1816-JLK**

**BIODIVERSITY CONSERVATION ALLIANCE,**

       Plaintiff,

v.

**RICHARD C. STEM, in his official capacity as Deputy Regional Forester of the Rocky Mountain Region of the U.S. Forest Service, and
U.S. FOREST SERVICE, a Federal Agency within the U.S. Department of Agriculture**

       Defendants.

**ORDER**

Kane, J.

The Tenth Circuit's Mandate in this case issued on June 5, 2008, reversing the award of attorney fees to Plaintiff. Plaintiff filed a "Status Report" on June 9th, requesting a form of stay, to which the government agreed, until the time for filing a petition for certiorari became due. Because the request was unopposed, the Court complied with the request took no action on the Mandate. Today, Plaintiff filed a second "Status Report," indicating it was mistaken about the certiorari petition filing deadline and asking the Court again to take no action on the Mandate until that time had run. This time, however, counsel for Plaintiff could not state the government's position because he had "made multiple attempts to contact Defendants . . . . [and] Defendants did not respond to Plaintiff's messages and Defendants' counsel's email bounced back no less

1

than three separate occasions." I make two observations on Plaintiff's actions regarding the Mandate:

    1. A status report is not the vehicle for making a request or seeking relief from the Court. That is what motions are for. I agreed to Plaintiff's request in the first Status Report (Doc. 107) simply because it was joined by the government and submitted with counsel's e-signature. The Second Status Report (Doc. 108) includes no such joinder or signature of approval, and any request for further delay in effecting the Tenth Circuit's order for remand must be made by Motion.

    2. Roxane Perruso, counsel of record for the Defendant at the time the Mandate issued, has left the U.S. Attorney's office which likely explains the "bouncing back" of counsel's emails to her. The suggestion that "multiple" attempts to contact "Defendants" in addition to those emails seems odd, however, given that a telephone call to any main number at the U.S. Attorney's office should have resulted in counsel discovering she was no longer there. In any event, a proper 7.1A certification must be accompanied any motion to stay action on the Mandate and should include actual efforts to discern and then to confer with counsel representing the government in this action. The request inherent in the Second Status Report (Doc. 108) is **DENIED** without prejudice to its being renewed in proper format at a later time.

    Dated August 7, 2008.                              **s/John L. Kane**
                                                                     SENIOR U.S. DISTRICT JUDGE